```
             UNITED STATES DISTRICT COURT
                DISTRICT OF NEW JERSEY
```

|                                  |   |                                     |
|----------------------------------|---|-------------------------------------|
| ALL-AMERICAN CHEVROLET, INC.,    | : | CIVIL ACTION NO. 05-5672 (MLC)      |
| Plaintiff,                       | : | **MEMORANDUM OPINION**              |
| v.                               | : |                                     |
| JOHN DE SANTIS, et al.,          | : |                                     |
| Defendants.                      | : |                                     |

**THE PLAINTIFF** bringing this action against the defendant John De Santis and several other defendants, <u>inter</u> <u>alia</u>, to recover damages for trademark infringement (dkt. entry no. 1, Compl.); and the other defendants asserting cross claims against De Santis (dkt. entry no. 27); and the plaintiff moving on November 9, 2007, for summary judgment in its favor as to the claims asserted against John De Santis (dkt. entry no. 57); but

**DE SANTIS** petitioning for bankruptcy protection pursuant to Chapter 7 of the Bankruptcy Code on December 4, 2007, <u>see</u> Bankr. Pet. No. 07-27860 (KCF), dkt. entry no. 1, Pet.; and De Santis listing this action on the Statement of Financial Affairs, under the heading for suits and administrative proceedings, <u>id.</u>, Stmt. Affairs, at 2; and the Bankruptcy Court appointing a trustee on December 6, 2007, <u>id.</u>, dkt. entry no. 5; and

**IT APPEARING** that the filing of a bankruptcy petition operates as a stay, applicable to all entities, of the continuation of a judicial proceeding against the debtor that was

commenced before the bankruptcy petition was filed, see 11 U.S.C. § 362(a)(1); and it appearing that the plaintiff, and other defendants as cross-claimants, can — before the Bankruptcy Court — (1) move for relief from the automatic stay, and (2) file proofs of claim, see 11 U.S.C. §§ 362(d), 501; and thus the Court intending to (1) deny the motion for summary judgment without prejudice, (2) stay and administratively terminate this action, and (3) direct the parties to proceed before the Bankruptcy Court;[1] and

**THE COURT** advising the parties that an order administratively terminating an action is not the equivalent of a dismissal of a complaint with prejudice, and is issued pursuant to the Court's inherent power to control the docket and in the interests of

---

[1] The plaintiff, by letter dated December 3, 2007, requested that the Court grant the motion for summary judgment now, as it was unopposed. (Dkt. entry no. 64.) That request was improper, as the plaintiff acknowledged in that same letter that it knew that De Santis "intended on instituting bankruptcy proceedings." (Id.) See HSBC Gibbs (HCA) Ltd. v. Cindy Royce Creations, No. 95-969, 1997 WL 91038, at *1 (S.D.N.Y. Mar. 4, 1997) (denying plaintiff's motion for summary judgment and staying action, as defendant had filed bankruptcy petition while motion pending); see also Bldg. Serv. 32B-J Pension Fund v. Vanderveer Ests. Holding, No. 00-364, 2002 WL 31133392, at *1 (S.D.N.Y. Sept. 26, 2002) (vacating order enforcing settlement in plaintiff's favor, as defendant had filed bankruptcy petition one month before order had been entered); Nationwide Mut. Ins. Co. v. Selfinger, No. 98-1969, 1999 WL 562751, at *1 (vacating order granting plaintiff's motion for summary judgment, as defendant had filed bankruptcy petition while motion for summary judgment was still pending).

judicial economy, see Delgrosso v. Spang & Co., 903 F.2d 234, 236 (3d Cir. 1990) (stating administrative termination not final determination, as it "permits reinstatement and contemplates the possibility of future proceedings", and "does not purport to end litigation on the merits"); and for good cause appearing, the Court will issue an appropriate order.

                                                 s/ Mary L. Cooper
                                                **MARY L. COOPER**
                                                United States District Judge

**Dated:** December 6, 2007